## 34760. THOMAS v. FULTON BAG & COTTON MILLS.

Decided February 25, 1954—Rehearing denied March 25, 1954.

*Nick Long, Jr.*, for plaintiff in error.

*Moise, Post & Gardner*, contra.

Quillian, J. The claimant, a man 61 years old who had suffered from hypertension, was engaged in doing certain work for the employer necessitating considerable physical exertion. He testified that while so engaged he experienced a short pain in his chest so severe that he could scarcely breathe; and that he reported the incident to his immediate superior, called his family physician that evening, and ever since and on account of the injury he sustained under the circumstances above set out he had been sick and unable to work. The claimant had suffered a previous attack. He testified that it was caused by a quantity of dust blowing in his face and not by exertion, and that it affected him in a different way.

A doctor who examined the claimant some time after his alleged injury, testified principally from information and symptoms furnished him by the claimant and the claimant's family physician, though it was impossible to ascertain for a certainty whether the claimant at the time of his injury was suffering from esophageal varices, and also whether exertion by the claimant on the occasion of his injury would cause a rupture of the esophagus, but that it was his opinion that the claimant was at the time of his injury suffering from esophageal varices, and that the exertion did cause it to rupture and as a result thereof the claimant was disabled. Another doctor, testifying on behalf of the employer, stated that, where one was suffering with esophageal varices, the

rupture of the esophagus resulted from the progress of the disease, and could not be brought about by physical exertion.

The claimant testified that he was injured on the date alleged in his application for a hearing before the board, that on account of that injury he was unable to proceed with his work, and had ever since, and on account of his injury, been unable to work.

While ordinarily a workman's compensation case must be determined on its facts, no two compensation cases being factually identical, the facts in the case of *Hartford Accident &c. Co.* v. *Waters,* 87 *Ga. App.* 117 (73 S. E. 2d 70), bear such marked similarity to those in the instant case that the holding in that case is controlling. Judge Felton in that short, well-considered, and aptly worded decision said: "Where there was no expert opinion to the effect that the exertion contributed to the attack, unless and until some method is developed to ascertain with some degree of certainty that such an attack is not contributed to by exertion, we think that knowledge from human experience, including medical caution against exertion in such cases and the admitted opinion of experts that exertion might contribute to such an attack, authorized the finding in this case, on the weight of reasonable probabilities, that the amount of exertion in this case contributed to the cerebral hemmorrhage which caused the deceased's death."

There was competent evidence in the record sustaining the award, and the learned trial judge erred in setting it aside.

We have carefully studied the authorities cited in the brief of distinguished counsel for the defendant in error, and have given them thoughtful and thorough consideration. We particularly studied the case of *Woodruff* v. *American Mutual Liability Ins. Co.,* 67 *Ga. App.* 554 (21 S. E. 2d 298). It has no application here. In that case there was no evidence authorizing a finding that the injury resulted immediately and continuously in the claimant's disability. Mr. Woodruff did not quit work when he sustained a scratch or cut on his leg, but continued to work for about two weeks thereafter, and until his death. No connection was shown between the injury to his leg and his death.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*